```
Barry R. Wegman (Bar No. 127356)
LAW OFFICES OF DAVID A. TILEM
206 North Jackson Street, Suite 201
Glendale, California 91206
Telephone:(818) 507-6000
Facsimile:(818) 507-6800
```

Attorneys for Plaintiff Atwood Grandberry





## UNITED STATES BANKRUPTCY COURT
## CENTRAL DISTRICT OF CALIFORNIA
## LOS ANGELES DIVISION

| | |
|---|---|
| In re: | Case No. 2:08-bk-19356 RN |
| **Michael Ray Yager,** | Chapter 7 |
| Debtor. | |
| **Atwood Grandberry,** | Adv Case No. 2:08-01765 RN |
| Plaintiff, | **AMENDED PRETRIAL ORDER** |
| vs. | **Pretrial Conference:**<br>Date : October 21, 2009<br>Time : 9:30 a.m.<br>Ctrm : 1645 |
| **Michael Ray Yager,** | |
| Defendant. | |

**TO THE HONORABLE JUDGE RICHARD NEITER:**

**COME NOW** Plaintiff Atwood Grandberry and Defendant Michael Ray Yager, by and through their respective counsel of record, presenting the following Pre-Trial Order pursuant to Local Rule 7016-1(b), as follows:

**(A) The following facts are admitted and require no proof:**

   1.   Michael Ray Yager is the debtor in the above identified Chapter 7 case.

///

2.    Plaintiff Atwood Grandberry is a secured creditor of the Debtor.

3.    The United States Bankruptcy Court for the Central District of California has jurisdiction to consider the within action pursuant to 28 U.S.C. §§ 1334, 157 and the Order of Reference from the United States District Court for the Central District of California.

4.    This is a "core" proceeding pursuant to 28 U.S.C. 157(b)(2)(I).

5.    Venue of this matter is proper pursuant to 28 U.S.C. 1409.

6.    In 2007, Yager borrowed $60,000 from Grandberry (the "Loan"), secured by a deed of trust on Yager's personal residence located at 1426 N. Laurel Avenue, Unit 107, Los Angeles, CA 90046 (the "Residence") and a four unit apartment complex located 930 North Harper, Los Angeles, CA 90046 (the "Apartment Building").

7.    Pauline Brackeen acted as Grandberry's agent in transacting the Loan.

8.    On or about July 5, 2007, Yager received the Loan of $57,100, to be repaid to Grandberry in one lump sum of $72,000, approximately 120 days later on November 7, 2007.

9.    In December of 2007, the parties agreed to an extension of time to repay the Loan (the "Extended Loan").

10.    Under the terms of the Extended Loan, Yager agreed to pay an additional $3,000 upon maturity for a new total balance due of $75,000, which was to occur on May 7, 2008.

11.    There is no written documentation of the Extended Loan.

///

12. At the time of the Loan, Yager owned his Residence in fee simple; it has since been foreclosed.

13. Yager owns the Apartment Building with Kevin Hinds in joint tenancy; a foreclosure sale was pending when Yager's bankruptcy case was filed.

14. Both Yager and Kevin Hinds signed the deed of trust on the four unit Apartment Building giving Plaintiff a lien on the entirety of the four unit apartment complex.

15. Yager filed his Chapter 7 bankruptcy on June 26, 2008.

16. Yager filed his schedules under penalty of perjury.

17. On Schedule A, Yager claimed a 100% ownership interest in his Residence and a 50% ownership interest in the Apartment Building.

18. Yager is employed as Vice President and Manager, Entertainment and Private Banking for Union Bank of California, 9460 Wilshire Blvd., 2nd Floor, Beverly Hills, CA 91212.

19. On Yager's Schedule J, he stated his monthly home mortgage payment was $5,155 per month.

20. On Yager's Schedule J, he stated the Apartment Building mortgages were $5,299.50 per month.

21. On Yager's Schedule I, he stated his monthly gross income from his employment as $11,824.22 with payroll deductions of $4,545.00, for a monthly net of $7,279.22.

22. On Yager's Schedule I, he stated that he received additional income from real property in the sum of $3,600.

23. On Yager's Schedule J, he states that his net monthly income was -$6,335.78.

///

24. Defendant appeared for the Meeting of Creditors under 11 U.S.C. 341(a) on July 21, 2008.

25. Yager did not repay any part of the Loan or the Extended Loan to Grandberry.

**(B) The following issues of fact, and no others, remain to be litigated:**

26. Did Yager disclose to both Grandberry's agent, Pauline Brackeen and Brenda Flewelyn, the loan broker who introduced Yager to Pauline Brackeen that he was not current with his mortgage on his residence or the four unit apartment complex when he first requested a loan from Grandberry?

27. Did Yager make intentionally false statements to Grandberry's agents?

28. Did Yager make materially false statements to Grandberry's agents?

29. Did Grandberry rely on Yager's statements to make the loan?

30. Was Grandberry's reliance on Yager's statements justifiable based on the circumstances of this particular transaction?

31. Did Yager dispose of any property with the subjective intent to hinder, delay or defraud a creditor through the act disposing of the property?

32. Did Yager conceal, destroy or fail to keep any material records?

33. Were Yager's statements at the Meeting of Creditors false?

///

34. If Yager's statements at the Meeting of Creditors were false, did Yager know them to be false?

35. Did Yager make statements at the Meeting of Creditors with fraudulent intent?

36. Were Yager's statements regarding his payment of mortgages and his collection of rents at the Harper Property at the Meeting of Creditors related materially to the bankruptcy case?

37. Where Yager claimed to have paid mortgages and collected rents at the Harper Property and his lenders claim he was significantly behind, has Yager failed to satisfactorily explain his loss of assets?

38. Plaintiff was justified in relying upon the representations by Yager that he was current in his mortgage obligations because he had no reason to distrust Defendant.

39. Defendant knew when he made the representation that his mortgage obligations and collections of rent were current to Plaintiff's agent that the representation was not true.

40. Defendant made the misrepresentation regarding his mortgage obligations and collections of rent with the intent to induce Plaintiff to lend him money.

41. Defendant made further misrepresentations regarding repayment and his ability to do so to Plaintiff's agent in order to induce Plaintiff to forebear on enforcement of the debt and provide an extension on repayment of the Loan.

42. The actions of Defendant were fraudulent, willful and intended to cause Plaintiff harm, thereby justifying imposition of punitive and exemplary damages.

///

43. Defendant had not made mortgage payments on the apartment complex for 8 months before filing his petition despite representing to the Trustee that he had made such payments.

44. Defendant had not made mortgage payments on his residence in several months before filing his petition despite representing to the Trustee that he had made such payments.

45. Defendant represented to potential buyers of the apartment complex through the MLS that it was fully rented, but disputed this at the time of his Creditor's Meeting.

**(C) The following issues of law, and no others, remain to be litigated:**

1. Whether Defendant should be denied his discharge under 11 U.S.C. §727(a)(2)(A), (a)(3), (a)(4) or (a)(5).

2. Whether the debt owed to Plaintiff should be dischargeable under 11 U.S.C. § 523(a)(2).

**(D) Attached is a list of exhibits intended to be offered at the trial by each party, other than exhibits to be used for impeachment only. The parties have exchanged copies of all exhibits.**

Plaintiff:

1. Deed of Trust on Residential Property.
2. Deed of Trust on four unit Apartment Building.
3. Promissory Note with Atwood Grandberry.
4. Loan history from Countrywide Home Loans, Inc., on loan secured by First Deed of Trust, loan number 144949086, on the Apartment Building.
5. Loan history from Countrywide Home Loans, Inc., on loan secured by Second Deed of Trust, loan number

|  |  |  |
|---|---|---|
| 1 |  | 144949094, on the Apartment Building. |
| 2 | 6. | Loan history from Aurora Loan Services, loan number |
| 3 |  | 0030004475 on Personal Residence. |
| 4 | 7. | Debtor's petition and schedules. |
| 5 | 8. | Transcript of Debtor's 341a Meeting of Creditors, |
| 6 |  | dated July 21, 2008. |
| 7 | 9. | The MLS listing of Debtor's four unit apartment |
| 8 |  | complex published to realtors and the general |
| 9 |  | public. |

Defendant:

A.   Aurora Loan Services Special Forbearance Agreement dated May 17, 2008.

B.   Residential Listing Agreement to sell Yager's Residence.

C.   Encompass Insurance correspondence dated April 22, 2008, including Statement of Loss for claim payment of $19,905.17 Sunset Marquis Statement dated 03/07/08.

**(E) The parties have exchanged the following list of witnesses to be called at trial:**

Plaintiff:

1. Atwood Grandberry
2. Pauline Brackeen
3. Brenda Flewelyn
4. Kevin Hinds
5. Most Knowledgeable Person from Aurora Loan Services
6. Most Knowledgeable Person from Countrywide Home Loans

///

Defendant:

    A.   Michael Yager

    B.   Atwood Grandberry

    C.   Pauline Brackeen

    D.   Brenda Flewelyn

(F) Other matters that might affect the trial such as anticipated motions in limine, motions to withdraw reference due to timely jury trial demand pursuant to LBR 9015-2, or other pretrial motions.

    None.

(G) All discovery is complete.

(H) The parties are ready for trial.

(I) The estimated length of trial is 2 hours.

(J) The foregoing admissions have been made by the parties, and the parties have specified the foregoing issues of fact and law remaining to be litigated. Therefore, this order supersedes the pleadings and governs the course of trial of this cause, unless modified to prevent manifest injustice.

Dated: November 27, 2009    LAW OFFICES OF HENRY GLOWA

By: _____
Henry Glowa, attorney for
Defendant, Michael Ray Yager

Dated: November 27, 2009    LAW OFFICES OF DAVID A. TILEM

By: _____
Barry R. Wegman, attorney for
Plaintiff Atwood Grandberry

1 | **IT IS SO ORDERED:**

2 | Dated: 1/21/10

3

4 | _/s/ Richard Neiter_
Richard Neiter, Judge
U.S. Bankruptcy Court

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

| Atwood Grandberry v. Michael Yager | CHAPTER: 7 |
|---|---|
| | CASE NUMBER: 2:08-01765-RN |

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is 206 N. Jackson Street, Suite 201, Glendale, CA 91206

A true and correct copy of the foregoing document described as **PRETRIAL ORDER** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d), and **(b)** in the manner indicated below:

**I. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** - Pursuant to controlling GeneralOrder(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On _____ I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email addressed indicated below:

☐ Service information continued on attached page

**II. SERVED BY U.S. MAIL OR OVERNIGHT MAIL** (indicate method for each person or entity served):
On **12/04/09** I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follow. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

Honorable Richard M. Neiter  
United States Bankruptcy Court  
255 E. Temple Street, Suite 1682  
Los Angeles, CA 90012

Henry Glowa  
8075 W. Third Street  
Suite 404  
Los Angeles, CA 90048

☐ Service information continued on attached page

**III. SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on _____ I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method) by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| December 4, 2009 | Malissa Murguia | _Malissa Murguia_ |
|---|---|---|
| Date | Type Name | Signature |

02103.01\AmendedPreTrialOrder.wpd       10

| | |
|---|---|
| In re: Harrington Tools, Inc.<br><br>Debtor(s). | CHAPTER: 11<br><br>CASE NUMBER: 2:08-25134-AA |

# NOTICE OF ENTERED ORDER AND SERVICE LIST

Notice is given by the court that a judgment or order entitled **PRETRIAL ORDER** was entered on the date indicated as "Entered" on the first page of this judgment or order and will be served in the manner indicated below:

**I. SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** B Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s), the foregoing document was served on the following person(s) by the court via NEF and hyperlink to the judgment or order. As of **12/04/09**, the following person(s) are currently on the Electronic Mail Notice List for this bankruptcy case or adversary proceeding to receive NEF transmission at the email address(es) indicated below.

* Henry Glowa    hglowa@aol.com
* United States Trustee (LA)    ustpregion16.la.ecf@usdoj.gov
* Barry R Wegman    barrywegman@tilemlaw.com,, malissamurguia@tilemlaw.com;marcycarman@tilemlaw.com

☐ Service information continued on attached page

**II. SERVED BY THE COURT VIA U.S. MAIL:** A copy of this notice and a true copy of this judgment or order was sent by U.S. Mail to the following person(s) and/or entity(ies) at the address(es) indicated below:

Henry Glowa
8075 W. Third Street
Suite 404
Los Angeles, CA 90048

☐ Service information continued on attached page

**III. TO BE SERVED BY THE LODGING PARTY:** Within 72 hours after receipt of a copy of this judgment or order which bears an AEntered@ stamp, the party lodging the judgment or order will serve a complete copy bearing an AEntered@ stamp by U.S. Mail, overnight mail, facsimile transmission or email and file a proof of service of the entered order on the following person(s) and/or entity(ies) at the address(es), facsimile transmission number(s) and/or email address(es) indicated below:

☐ Service information continued on attached page